CONCURRING OPINION
Coven, J.
I join with the conclusion in the majority opinion that there are not sufficient contacts in this case to allow for personal jurisdiction over the Florida corporation. I write separately only to suggest that new forms of commerce by way of the internet require new ways of thinking and assessing personal jurisdiction in state courts. The new economy, reflected in e-commerce, demands a new approach to questions of personal jurisdiction. Times have changed since 1945 when International Shoe Co. was decided, and laws and principles governing personal jurisdiction in state courts must be resilient enough to accommodate those changes. The advent of e-commerce in place of actual physical contacts motivates an end to rigid state statutes, at least as they concern actions sounding in contract, in favor of flexible constitutional concepts in determining whether the nature and quality of the commercial contract is proportionate to submitting it to the jurisdiction of the state court. Even if the defendant has minimal physical contact in the state, an ongoing course of commercial conduct in which a business seeks to place its product in the stream of commerce is adequate for a state court to protect the interests of consumers and business in that state. Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997). A business that seeks to sell its goods over the internet, other than in a single transaction, should anticipate that it may be required to submit to the jurisdiction of the forum state. See Haynes, The Short Arm of the Law: Simplifying Personal Jurisdiction Over Virtually Present Defendants, 64 U. Miami L. Rev. 133 (2009).